UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DANIEL JOSEPH MOORE**                                          **CIVIL ACTION**

**versus**                                                       **NO. 11-635**

**N. BURL CAIN, WARDEN**                                         **SECTION: "R" (3)**

## REPORT AND RECOMMENDATION

Petitioner, Daniel Joseph Moore, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On March 16, 2011, he filed the instant petition seeking relief under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Louisiana. The matter was subsequently transferred to this Court, and the petition has been referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. For all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.[1]

Petitioner was convicted of three counts of aggravated rape under Louisiana law and sentenced on each count to a consecutive term of life imprisonment without benefit of parole, probation, or suspension of sentence. On July 8, 2010, those convictions and sentences were

---

[1] Because it evident from the record that relief should not be granted, no response from the state is required. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

affirmed by the Louisiana First Circuit Court of Appeal. State v. Moore, No. 2010 KA 0103, 2010 WL 2712696 (La. App. 1st Cir. July 8, 2010).

Petitioner then filed the instant federal *habeas corpus* application to challenge those convictions and sentences; however, he asserts no claims for relief in his application. Rather, in an accompanying motion, he asks that this proceeding be stayed indefinitely while he prepares and files a state application for post-conviction relief.

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court explained that, in limited circumstances, it is appropriate for a federal district court to stay *habeas corpus* proceedings. In Rhines, the petitioner wanted to stay the federal proceedings, return to state court to pursue his unexhausted claims, and then come back to federal court for review of those claims. The Supreme Court noted that the entry of a stay is permissible in such proceedings but noted:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. Duncan [v. Walker, 533 U.S. 167, 180 (2001)] ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of

the applicant to exhaust the remedies available in the courts of the State"). Rhines, 544 U.S. at 277 (emphasis added).

In the instant case, petitioner wants to stay these proceedings so that he may, *at some undetermined time*, perhaps file a state post-conviction application asserting *unspecified claims*[2] in state court and, if ultimately unsuccessful, amend his federal petition to add those claims for this Court's review.

Therefore, petitioner is essentially requesting that these federal proceedings be stayed indefinitely while he ponders filing a state post-conviction application at some unknown time in the future, and, if such an application is in fact filed, while it wends its way through the three levels of state court review. However, even under Rhines, federal petitions "should not be stayed indefinitely." Rhines, 544 U.S. at 277. To allow such an open-ended delay in this case for petitioner to assert unspecified claims in a state post-conviction application that may or may not ever actually be filed would clearly thwart the AEDPA's objective of encouraging finality. Accordingly, petitioner's motion for a stay should be denied.

In making this recommendation, the Court expressly notes that petitioner should not prejudiced in any way if he acts with diligence and alacrity, because his one-year federal limitations period has not yet expired. See 28 U.S.C. § 2244(d)(1)(A). Therefore, so long as he promptly asserts his unspecified claims in a properly-filed state post-conviction application entitling him to

---

[2] Because petitioner does not indicate what claims he wishes to pursue in state court, this Court cannot determine whether the claims are nonfrivolous.

tolling pursuant to 28 U.S.C. § 2244(d)(2), he should still have ample time to seek federal relief in a timely manner at the conclusion of the state court proceedings.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's motion to stay be **DENIED** and that his petition for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this twenty-fifth day of April, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.